IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TSHEPO MAPHORISA,<br>    Plaintiff,<br><br>    v.<br><br>JOHN P. DELANEY, WARDEN,<br>CURRAN-FROMHOLD<br>CORRECTIONAL FACILITY,<br>PHILADELPHIA, PENNSYLVANIA,<br>    Defendant. | : CIVIL ACTION<br>:<br>:<br>: NO. 09-2689<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

DuBOIS, J.                                                                                                        November 1, 2010

**M E M O R A N D U M**

**I.    INTRODUCTION**

In this case, pro se plaintiff Tshepo Maphorisa ("Maphorisa") seeks to recover damages from defendant John P. Delaney ("Delaney"), warden of the Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia, under 42 U.S.C. § 1983 for periods of incarceration at CFCF that Maphorisa claims were unlawful. For the reasons that follow, the Court dismisses Maphorisa's claim as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(I).

**II.    BACKGROUND**

Maphorisa initiated this action in the Middle District of Pennsylvania on April 24, 2009. The case was transferred to this Court as the proper venue under 28 U.S.C. § 1391(b) on June 11, 2009 (Doc. No. 1), and the Court subsequently granted Maphorisa's motion to proceed in forma pauperis. (Doc. No. 2, filed June 23, 2009.)

The gravamen of Maphorisa's complaint – as supplemented later by what he termed a

"Traverse Motion" (Doc. No. 13, filed May 13, 2010) – is that he was held at CFCF for five separate periods totaling more than 80 days between March 2009 and March 2010, despite having made bail on his local criminal charges, while waiting to be transferred from local custody to the custody of federal immigration authorities. (See Compl. at 3; Traverse Mot. at 4.) Maphorisa asserts that Delaney lacked authority to detain him for more than 48 hours during each of these periods because of a federal regulation, 8 C.F.R. § 287.7(d), that limits the time local authorities can detain an alien at the request of the Department of Homeland Security ("DHS") when DHS is attempting to arrest the alien. (Traverse Mot. at 1.)

Delaney countered on June 25, 2010 with a report addressing Maphorisa's allegations. (Doc. No. 20.) In his report, Delaney asserts that at the time of each disputed period of incarceration, Maphorisa already was permanently detained by immigration officials, who would "effectively loan him out to Philadelphia County for his local matters that were still pending." (Def.'s Rep. at 2; see also id. at Exs. A-F.) Thus, Delaney argues, § 287.7(d) is inapplicable.

Maphorisa responded to Delaney's report on October 8, 2010. (Document No. 30.) In his response, Maphorisa does not deny any of the factual material in Delaney's report but instead reiterates the argument that his detention was unlawful under § 287.7(d). Maphorisa filed his response from Botswana, where he has continued to pursue his claim after his removal earlier this year from the United States.

**III. Legal Standards – 42 U.S.C. § 1983 and 28 U.S.C. § 1915**

Though never specifically labeled as such, Maphorisa claims a violation under 42 U.S.C. § 1983 of his Fourteenth Amendment Due Process rights through unlawful incarceration. Section 1983 provides, in part, that:

> Every person, who, under color of any statute, ordinance, regulation, custom, or usage, of a State or Territory . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

This statute does not create substantive rights; rather, it provides a remedy for violations of rights established elsewhere. City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).

To obtain damages from a prison official on a claim that he was incarcerated illegally, a plaintiff must prove unlawful incarceration and must also demonstrate:

> (1) a prison official had knowledge of [plaintiff's] problem and thus of the risk that unwarranted punishment was being, or would be, inflicted; (2) the official either failed to act or took only ineffectual action under the circumstances, indicating that his response to the problem was a product of deliberate indifference to [plaintiff's] plight; and (3) a causal connection between the official's response to the problem and the unjustified detention.

Montanez v. Thompson, 603 F.3d 243, 252 (3d Cir. 2010) (citing Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989)).

Since this suit was brought in forma pauperis under 28 U.S.C. § 1915(a)(1), the Court "shall dismiss" this case "at any time" if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

**IV. DISCUSSION**

There is no factual dispute in this case. The parties agree that Maphorisa was held at CFCF during the dates in question, after which he was returned to DHS because of his permanent detention on immigration matters. The only issues, then, are whether Maphorisa's detention was

unlawful and, if so, whether that entitles him to damages. Because the first question must be answered in the negative – Maphorisa's argument to the contrary is frivolous – it is unnecessary to address the second question, and the Court dismisses Maphorisa's complaint.

A. Maphorisa's Detention Was Lawful

Maphorisa relies on 8 C.F.R. § 287.7(d) to support his claim that he was detained at CFCF illegally. Section 287.7(d) states:

> Temporary detention at Department [of Homeland Security] request. Upon a determination by the Department to issue a detainer for an alien not otherwise detained by a criminal justice agency, such agency shall maintain custody of the alien for a period not to exceed 48 hours, excluding Saturdays, Sundays, and holidays in order to permit assumption of custody by the Department.

By its own terms § 287.7(d) applies only to aliens not already detained by DHS. The provision is largely meant to provide a mechanism for DHS to assume control over aliens convicted of crimes after they finish serving their sentences. See 8 C.F.R. § 287.7(a) ("A detainer serves to advise another law enforcement agency that [DHS] seeks custody of an alien presently in the custody of that agency, for the purpose of arresting and removing the alien."); see also Christopher N. Lasch, Enforcing the Limits of the Executive's Authority to Issue Immigration Detainers, 35 Wm. Mitchell L. Rev. 164, 173-75 (2008). In this case, however, Maphorisa was already in DHS custody.[1] DHS transferred him to CFCF for hearings on his local criminal matters, but he remained permanently detained. Thus, § 287.7(d) is inapplicable, and the 48-hour limit on detention did not apply.

---

[1] The record is silent as to the basis for Maphorisa's immigration detention. DHS is authorized to detain aliens both before and after a determination has been made that the alien is removable. See 8 U.S.C. § 1226(a) (detention before removal determination); 8 U.S.C. § 1231(a)(2) (detention after removal determination).

The undisputed facts reveal that Maphorisa's detention was legal and that he suffered no injury cognizable under 42 U.S.C. § 1983.[2]

B. Maphorisa's Claim is Frivolous

As the Supreme Court has explained, a claim is frivolous under 28 U.S.C. § 1915(e) when the action is "based on an indisputably meritless legal theory." Nietzke v. Williams, 490 U.S. 319, 327 (1989). In this case, Maphorisa's entire claim rests on the theory that Delaney's failure to adhere to a federal regulation dealing with temporary detainers violated Maphorisa's constitutional rights – even though Maphorisa was not being held pursuant to a temporary detainer. This theory is utterly without merit. The Court concludes that Maphorisa's complaint is frivolous and accordingly dismisses it. See 28 U.S.C. § 1915(e)(2)(B)(I).

**V. CONCLUSION**

For the reasons stated above, Maphorisa's complaint is dismissed as frivolous. Further, the Court vacates its Order of May 26, 2010 (Doc. No. 15), which granted Maphorisa's oral Motion for Appointment of Counsel. An appropriate order follows.

---

[2] Even assuming, arguendo, that Maphorisa should have been transferred from state custody to DHS more rapidly, such an allegation still would not state a claim upon which relief could be granted under § 1983. See, e.g., Gonzales v. Collins, No. 93-2406, 1994 WL 171518, at *1 (5th Cir. Apr. 22, 1994) ("[W]e hold that Mr. Gonzales, in failing to be timely released from state to federal custody, has suffered no deprivation of liberty, and hence has suffered no constitutional injury for which he is entitled to damages under § 1983.").